**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Isiah James, Jr., Appellant,

v.

South Carolina Department of Corrections, Respondent.

Appellate Case No. 2018-000035

Appeal From The Administrative Law Court
Shirley C. Robinson, Administrative Law Judge

Unpublished Opinion No. 2021-UP-097
Submitted January 1, 2021 – Filed March 24, 2021

**REVERSED AND REMANDED**

Isiah James, Jr., of Brunswick, Georgia, pro se.

Christina Catoe Bigelow, of the South Carolina
Department of Corrections, of Columbia, for Respondent.

**PER CURIAM:** Isiah James Jr. appeals a January 12, 2018 order from the Administrative Law Court (the ALC) dismissing his case. On appeal, he argues the ALC erred by issuing a June 15, 2017 order of remand to the South Carolina Department of Corrections (SCDC). He also contends SCDC (1) failed to properly calculate his good time credits, (2) violated his due process rights by wrongfully calculating his sentence expiration date, and (3) wrongfully calculated his sentence

expiration date in violation of the Due Process Clause and the Ex Post Facto Clause.

In February and March 2017, James filed Step 1 and Step 2 grievances with SCDC, arguing SCDC had improperly calculated his max-out date. SCDC denied James's grievance, explaining it had a list of inmates whose sentences needed to be recalculated, and advising him that if his case was eligible to be recalculated, he would be notified of any changes. Upon the denial of his Step 2 grievance, James appealed to the ALC. The ALC remanded the case to SCDC in June 2017, explaining that while it was procedurally proper for James to appeal the denial of his grievances to the ALC, it would be premature for the ALC to decide the case because SCDC "ha[d] not truly made a final decision on the matter as [SCDC] was in the process of reviewing inmates sentencing sheets and NCIC reports." Once SCDC informed James of his new max out date on October 23, 2017, James filed a notice of appeal to the ALC. Subsequently, the ALC dismissed James's appeal on the ground he failed to exhaust his administrative remedies. When SCDC informed the ALC that James had exhausted his administrative remedies, the ALC issued a second order of dismissal. Specifically, the ALC noted James referenced arguments made in his June 2017 appeal and had filed his appeal using the June 2017 case number and dismissed the appeal on the basis the ALC had already decided that case.

The essence of James's appeal is that the ALC erred by never considering the merits of his case. It appears SCDC conceded this issue when it filed a motion with this court on July 1, 2019, to remand this appeal to the ALC for "a further review of [James's] case."[1] In its motion, SCDC explained it issued its final agency decision on October 23, 2017, when it notified James of an update to his sentence calculation. SCDC explained, "Thereafter (according to the ALC's January 12, 2018 Order) Appellant filed a Step 1 grievance, a Step 2 grievance, and ultimately a Notice of Appeal to the ALC." SCDC argued James's "[November 21, 2017] appeal was proper since the matter had been remanded to [SCDC] for further review," and because the ALC never ruled on the merits of James's case, "the proper resolution of this matter would be a remand to the [ALC] for a further review." This court did not grant SCDC's motion to remand at that

---

[1] Although SCDC argued in its final brief that the issues James asserts in his appellate brief were not preserved for appellate review because they were not ruled on by the ALC, it concluded this court "should either affirm on error preservation grounds or remand the matter to the [ALC] so that [it] can rule upon the merits of [James's] issues."

time, noting, "Because a remand is not procedurally proper at this time in the appellate process, [SCDC's] motion to remand is denied. The disposition of the appeal will be decided after final briefing is complete." However, after reviewing the briefs and our record, we agree that James properly appealed SCDC's final decision to the ALC, and he is entitled to a ruling on the merits of his appeal. Accordingly, we reverse and remand this case to the ALC.[2] *See* S.C. Code Ann. § 1-23-610(B) (Supp. 2020) (providing that a review of the ALC's decision is "confined to the record" and this court may reverse the decision if substantial evidence does not support the ALC's findings or the ALC's decision is affected by an error of law).[3]

**REVERSED AND REMANDED.**[4]

**THOMAS, HILL, and HEWITT, JJ., concur.**

---

[2] We note the fact that James filed his November 21, 2017 appeal from SCDC's October 23, 2017 final decision under the same case number as the June 2017 order does not prevent the ALC from considering the merits of James's case because, as SCDC conceded, James's November 2017 appeal was procedurally proper. *See* SCALC Rule 59 ("The notice of appeal from the final decision to be heard by the Administrative Law Court shall be filed with the Court and a copy served on each party, including the agency, within thirty (30) days of receipt of the decision from which the appeal is taken.").

[3] Because reversing and remanding the ALC's order of dismissal is dispositive of the appeal, we need not address James's remaining arguments. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (declining to address additional issues when the disposition of the first issue is dispositive).

[4] We decide this case without oral argument pursuant to Rule 215, SCACR.